[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 30 June 2000 DATE OF APPLICATION: 30 June 2000 DATE OF APPLICATION FILED: 10 July 2000 DATE OF DECISION: 23 April 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven.
Docket Number CR99-480490.
Thomas Conroy, Esq. Counsel for the Petitioner.
Robert O'Brien, Esq. Counsel for the State.
SENTENCE AFFIRMED
 BY THE DIVISION
After a trial by jury James A. Graham, the petitioner, was convicted of CT Page 6896 Larceny Second Degree in violation of Connecticut Gen. Statutes 53a-123, a Class C felony, which provides a penalty of up to 10 years incarceration.
The petitioner was sentenced to a net effective sentence of seven years incarceration. It is this sentence petitioner seeks to have reviewed.
The record reveals that on the date of the incident the petitioner was a driver of a vehicle and he was accompanied by Derrick Harris. They picked up the victim and eventually relieved the victim of his jewelry and cash. The victim testified Harris had a gun and that petitioner took the victim's cash and Harris took the victim's jewelry.
At the hearing before the Division counsel for petitioner emphasized that the petitioner was originally charged with Robbery in the First Degree and was found guilty of the lesser, nonviolent, offense of Larceny in the Second Degree.
Counsel for petitioner indicated the petitioner is at an age when people make important decisions in life relevant to the course their life is to take. Counsel implored the court not to give up on the petitioner and requested the court to impose a split sentence with a period of probation. Counsel further represented that the petitioner was "not the prime actor" in the events which unfolded during the subject incident.
The petitioner addressed the Division and admitted crimes in the past, "I was young, I paid for those crimes . . . (I'm) ready to go out in society."
The state's attorney countered by emphasizing that the petitioner was known to the victim, his record is comprised of felonies and the trial judge indicated at sentencing that a split sentence is not appropriate in light of the petitioner's criminal history.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-94 et seq. CT Page 6897
At sentencing the trial court indicated that based upon the petitioner's criminal history, ". . . this is not an appropriate case for probation to handle . . . I feel it doesn't call for a split sentence." (Transcript, June 30, 2000, page 1).
It is clear that petitioner had 5 prior felony convictions and had the benefit of probation previously which obviously had no effect in deterring petitioner's criminal behavior.
The court imposed the sentence as previously indicated.
In light of the petitioner's criminal history the sentence imposed is neither inappropriate or disproportionate.
The Sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.